Filed 4/9/13  P. v. Mayo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072541 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F04473) |
| v. | |
| GREGORY AINLEY MAYO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gregory Ainley Mayo has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1]  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On June 27, 2012, defendant became involved in an altercation with a woman who was taking photographs of his home. During the altercation, defendant took the woman's camera. Defendant was charged with robbery (Pen. Code, § 211),[2] battery (§ 242), false imprisonment (§ 236) and resisting a peace officer (§ 148, subd. (a)(1)).

On September 18, 2012, defendant entered into a negotiated plea agreement and pleaded no contest to battery. In accordance with the plea agreement, the remaining charges were dismissed pursuant to a negotiated plea agreement and the trial court placed defendant on three years' informal probation with the condition he serve 60 days, converted to 348 hours of alternative sentencing. The trial court also ordered defendant to pay a $120 restitution fine, a $30 court facility fee, a $40 court security fee, and victim restitution in an amount to be determined.

Defendant appeals. His request for a certificate of probable cause was denied. (§ 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                            NICHOLSON    , Acting P. J.

We concur:

       BUTZ      , J.

       MAURO     , J.

---

[2] Further undesignated statutory references are to the Penal Code.